UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENNITH W. MATHEWS, | CIVIL ACTION NO. 05-2128 |
| Plaintiff, | SECTION L |
| VERSUS | JUDGE ELDON E. FALLON |
| METROPOLITAN LIFE INSURANCE CO., METLIFE INC., METLIFE GROUP INC., AND SIEMENS BUSINESS SERVICES INC. | MAGISTRATE NO. 4 |
| | MAGISTRATE KAREN WELLS ROBY |
| Defendants. | |

**DEFENDANT SIEMENS BUSINESS SERVICES, INC.'s REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT**

**I.   PLAINTIFF SUBMITS NO EVIDENCE TO SUPPORT HIS CONCLUSORY ASSERTION THAT THE JOB DESCRIPTION SBS PROVIDED METLIFE IS INACCURATE**

In opposition to SBS' Motion for Summary Judgment, Plaintiff asserts that "[w]hat SBS provided to MetLife was an old job description written by its predecessor company purchased by SBS without providing an accurate current version of Mathews 'job description.'"  *See* Plaintiff's Opposition to Siemens' Motion for Summary Judgment ("Plaintiff's Opposition"), p. 2 (Dkt. Entry 33).  He asserts, without analysis, that SBS' alleged failure to provide "an accurate current version" of his job description constituted a breach of fiduciary duty for which he has a remedy under ERISA Section 502(a)(3).  Plaintiff's arguments strain credulity.

NewOrleans 267568.1

Plaintiff does *not* identify how the job description provided by SBS is allegedly inaccurate and he does not provide *any* factual basis on which the Court could conclude it is inaccurate; nor could he.  The lynchpin of Plaintiff's claim against SBS is his allegation that the job description provided by SBS during the claims process did not account for the fact that he was required to travel.  *See* Complaint, ¶XX (Dkt. Entry 1).  This allegation, however, is contradicted by the undisputed record evidence.  When asked to describe the physical demands of Plaintiff's job, SBS replied that, *inter alia*, Plaintiff was required to "travel to customer work sites and give presentations."  *See* Facts, ¶7.

Moreover, Plaintiff has failed to explain how the job description provided by SBS could have breached any duty to him when that job description is consistent with the job description Plaintiff himself provided during the claim process.  On April 10, 2003, just as SBS acknowledged, Plaintiff reported to MetLife "that he is a field service business manager" and "travels to companies to look for sales"; he reported that "travel is required of his job."  *See* Facts, ¶8.  All of this information was available to MetLife during the claim process; well before it made its final claims decision in July 2003.  *See* Facts, ¶9.  How MetLife and the medical consultants who evaluated Plaintiff's claim used that information may be relevant to Plaintiff's benefit claim against MetLife. But Plaintiff has completely failed to offer any evidence establishing the factual underpinnings, *i.e.*, that the job description Siemens provided Met Life was untimely, incomplete or inaccurate, of the breach of fiduciary duty claim against SBS.

## II. SBS NEITHER OWED NOR BREACHED A FIDUCIARY DUTY TO PLAINTIFF DURING THE CLAIM PROCESS.

Just as there is no evidence to support Plaintiff's factual allegations, he offers no legal authority that his allegations regarding the job description could support a claim for breach of fiduciary duty under ERISA.

The sum and substance of his analysis is his contention that SBS "misstates the holding" in V*arity Corp. v. Howe,* 516 U.S. 489, 116 S. Ct. 1065 (1996), "by suggesting that there can be no claim for redress under [ERISA Section] 502(a)(3)."  *See* Plaintiff's Opposition, p. 3-4 (Dkt. Entry 33).  Plaintiff, however, misstates SBS' argument and misperceives the controlling law.

Contrary to Plaintiff's contention, SBS does not contend that ERISA Section 502(a)(3) never provides a potential remedy.  Rather, the Supreme Court's decision in *Varity Corp.*, the Fifth Circuit's decision in *Tolson v. Avondale Industries, Inc.*, 141 F.3d 604 (5th Cir. 1998), and the decisions of at least six other Circuit Courts,[1] establish that ERISA does not permit a claim under 502(a)(3), where a plan participant can assert a claim for benefits under Section 502(a)(1)(B).  *See Rhorer v. Raytheon Engineers and Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999).  Confronted with this authority, Plaintiff makes no attempt to establish why he is entitled to proceed against SBS under a breach of fiduciary duty theory.

This is not a "Catch 22."  Plaintiff has a claim for benefits pursuant to Section 502(a)(1)(B).  If MetLife abused its discretion in denying his claim, then he will be entitled to appropriate relief for that improper claim denial. If MetLife's decision is sustained, Plaintiff still would not have a claim for breach of fiduciary duty against SBS.  That is the scheme Congress chose. It does not matter that the employee may not prevail on his claim for benefits, only that he can pursue it under §1132(a)(1).  *Lefler v. United Healthcare of Utah Inc.*, 162 F. Supp.2d 1310 (D. Utah 2001).

---

[1] *See Larocca v. Borden, Inc.*, 276 F.3d 22, 28 (***1st Cir.*** 2002); *Coyne & Delany Co. v. Blue Cross & Blue Shield of Virginia,* 102 F.3d 712, 715 (***4th Cir***. 1996); *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 615 (***6th Cir.*** 1998); *Conley v. Pitney Bowes*, 176 F.3d 1044, 1047 (***8th Cir***. 1999); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (***9th Cir.*** 1997); *Katz v. Comprehensive Plan of Group Insurance,*197 F.3d 1084, 1087-89 (***11th Cir***. 1999).

3

Likewise, Plaintiff does not cite to a single case to support his contention that SBS was acting as a fiduciary when it supplied a job description to MetLife. Rather, according to Plaintiff, "eligibility decisions are the basis" for a finding of a fiduciary relationship, *see* Plaintiff's Opposition, p. 5 (Dkt. Entry 33), and, that, based on that standard, SBS is a fiduciary. *Id*. at 4. Plaintiff's reasoning ignores the undisputed record evidence that MetLife, not SBS, had the sole authority to determine whether Plaintiff was entitled to receive disability benefits pursuant to the MetLife policy of insurance, and to administer claims for benefits pursuant to that policy – that is, in Plaintiff's parlance, to make "eligibility decisions." *See* Facts, ¶3. *See also* Complaint, ¶¶XI, XIV (Dkt. Entry 1). SBS simply was asked to provide certain information, a job description. This is a purely ministerial, not fiduciary task. *See Pegram v. Herdrich*, 530 U.S. 211, 226, 120 S. Ct. 2143, 2152-53 (2000); 29 C.F.R. §2509.75-8 (D-2). Therefore, as a matter of law, SBS was not acting as a fiduciary.

Plaintiff also erroneously asserts that SBS is the Plan Administrator. *See* Plaintiff's Opposition, p. 5 (Dkt. Entry 33). Contrary to Plaintiff's assertion, the document on which Plaintiff relies names Siemens Corporation, not Siemens Business Services, Inc., as a Plan fiduciary. *See* Plaintiff's Opposition, Exhibit 4 thereto. Nonetheless, it is undisputed that MetLife, not Siemens Corporation or SBS, had the discretion and authority to make claims decisions. *See* Facts, ¶3.

**III.   THE TERMINATION OF PLAINTIFF'S EMPLOYMENT AND ANY OTHER BENEFITS TO WHICH HE BELIEVES HE WOULD HAVE BEEN ENTITLED HAD METLIFE GRANTED HIM LONG - TERM DISABILITY BENEFITS ARE IRRELEVANT TO HIS ALLEGATIONS HERE.**

Plaintiff also asserts that he "was not able to return to work because of his disability and was terminated by SBS on September 30, 2003." *See* Plaintiff's Opposition, p. 2 (Dkt. Entry 33). He describes this as the "critical juncture of the case." *Id*. He also asserts that, when his

4

employment was terminated, his medical benefits ended and he then exercised his "COBRA rights" to continue that coverage. *Id*. These assertions are irrelevant to his breach of fiduciary duty claim against SBS (or, for that matter, his denial of benefit claim against MetLife).

Plaintiff does not allege, cannot allege and has not plead that his termination was improper or unlawful. Nor has he alleged (or plead) that he was wrongfully denied medical or any other benefits to which he may have been entitled as an SBS employee. Plaintiff's contentions are classic red herrings that have no bearing on the issues in the instant case. In fact, Plaintiff's focus on the alleged effects of MetLife's claim denial serves to underscore that the issue central to this action is his benefit claim against MetLife; not a spurious breach of fiduciary duty claim against SBS. *See Varity Corp. v. Howe,* 516 U.S. 489, 116 S. Ct. 1065 (1996).

## IV.   CONCLUSION

Based on the foregoing, defendant SBS, by counsel, requests the Court to grant its Motion for Summary Judgment; to dismiss Plaintiff's claim against it, at his sole cost and expense; and to grant such further relief as the Court deems just and proper, including an award of fees and costs pursuant to 29 U.S.C. §1132(g)(1).

Respectfully submitted,

*s/Edward F. Harold*
EDWARD F. HAROLD
 La. Bar Roll No. 21672
Fisher & Phillips L.L.P.
201 St. Charles Ave., Suite 3710
New Orleans, LA 70170
Telephone:   (504) 522-3303
Facsimile:    (504) 529-3850
Email:          eharold@laborlawyers.com

**COUNSEL FOR DEFENDANT,
SIEMENS BUSINESS SERVICES, INC.**

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of August 2006, I have filed Defendant's Motion for Leave to File Reply Brief in Support of Motion for Summary Judgment with the clerk of court using the ECM/CF filing system that will deliver a copy of the motion to:

Charles M. Raymond
1100 Poydras St., Suite 2100
New Orleans, LA 70163-2100

And

Virginia Roddy
650 Poydras St., Suite 1650
New Orleans, LA 70130-6114

and that I have served the foregoing via U.S. Mail properly addressed and postage prepaid on the following non-ECM/CF participants via U.S. Mail:

None.

> _s/Edward F. Harold_
> EDWARD F. HAROLD

NewOrleans 267568.1