UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENNITH W. MATHEWS** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 05-2128** |
| **METROPOLITAN LIFE INSURANCE CO., ET AL.** | * | **SECTION "L" (4)** |

### ORDER & REASONS

Pending before the Court is the Defendant Siemens Business Services, Inc.'s ("SBS") Motion for Summary Judgment (Rec. Doc. 31). For the following reasons, the Defendant's motion is GRANTED.

**I.    BACKGROUND**

The Plaintiff, Kennith W. Mathews, was employed by Entex Information Services, Inc. ("Entex") as a "field service business manager" in July of 1996 when the Defendant SBS purchased Entex. After the change in ownership, the Plaintiff continued to work for SBS, and was subsequently involved in an off-duty motorcycle accident. He initially received short-term disability benefits from his employer, but was denied long-term disability benefits under a fully-insured plan administered and funded by the Defendants Metropolitan Life Insurance Co., MetLife, Inc., and MetLife Group, Inc. (collectively "MetLife").

On June 3, 2005, the Plaintiff filed a two-count complaint under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging in the first count that MetLife wrongly denied him long-term disability benefits and alleging in the second count that SBS breached an alleged fiduciary duty to him by failing to provide MetLife a timely and accurate description of his job duties.

On July 19, 2006, SBS filed a motion for summary judgment on the second count of the Plaintiff's complaint.  SBS argues that the Plaintiff's breach of fiduciary duty claim against it under catch-all Section 502(a)(3) of ERISA is precluded because he can assert a claim for benefits under Section 502(a)(1)(B).  Alternatively, SBS argues that it was not acting as a fiduciary when it supplied a job description to MetLife and, even if it was, it provided MetLife with an accurate and timely job description.  SBS asks the Court to dismiss the Plaintiff's claim against it, and award fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

## II.     LAW AND ANALYSIS

Summary judgment is appropriate when there is no genuine issue as to any material facts, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  When considering a motion for summary judgment, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004).  In this case, the only potential factual dispute involves the adequacy of the job description provided by SBS to MetLife.  Even if the job description was inadequate, as the Plaintiff alleges, his claim against SBS is nevertheless precluded.

In *Varity Corp. v. Howe*, 516 U.S. 489 (1996), the United States Supreme Court discussed the remedial provisions of ERISA, located in Section 502 of the Act.  The Court explained that Section 502(a)(1)(B) is used to pursue claims for benefits, and provides in pertinent part that a "civil action may be brought by a participant or beneficiary to recover benefits due him under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); *see Varity*, 516 U.S. at 507-15.  The Court also stated that Section 502(a)(3) is a "catch all" provision, which provides in pertinent part that a "civil action may be brought by a participant or beneficiary to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or to

obtain other *appropriate* equitable relief." 29 U.S.C. § 1132(a)(3) (emphasis added); *see Varity*, 516 U.S. at 507-15.

The Supreme Court noted that relief under Section 502(a)(3) would probably not be appropriate when there were remedies available under other provisions of ERISA. *See Varity*, 516 U.S. at 515. The United States Court of Appeals for the Fifth Circuit followed this reasoning in *Tolson v. Avondale Industries, Inc.*, 141 F.3d 604 (5th Cir. 1998). Adopting the District Court's analysis, the Fifth Circuit held that because the plaintiff "has adequate redress for disavowed claims through the right to bring suit pursuant to section 1132(a)(1), he has no claim for breach of fiduciary duty under section 1132(a)(3)." *Tolson*, 141 F.3d at 610. Indeed, the Fifth Circuit found that the Plaintiff's attempt to maintain his breach of fiduciary duty claim was "woefully unavailing." *Id.* at 610.

This understanding of the remedial provisions of ERISA is widespread. "[F]ederal courts have uniformly concluded that, if a plaintiff can pursue benefits under the plan pursuant to Section [502](a)(1), there is an adequate remedy under the plan which bars a further remedy under Section[502](a)(3)." *Larocca v. Borden, Inc.*, 276 F.3d 22, 28 (1st Cir. 2002); *see also Conley v. Pitney Bowes*, 176 F.3d 1044, 1047 (8th Cir. 1999); *Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1087-89 (11th Cir. 1999); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997); *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998); *Coyne & Delany Co. v. Blue Cross & Blue Shield of Va.*, 102 F.3d 712, 715 (4th Cir. 1996).

In this case, "it is readily apparent" that the Plaintiff's "claim to recover plan benefits is the predominate cause of action in this suit. Accordingly, because § 1132(a)(1)(B) affords an avenue for legal redress, [he] may not simultaneously maintain [his] claim for breach of fiduciary duty." *Rhorer v. Raytheon Engineers & Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir.

1999).  Therefore, the Defendant's motion for summary judgment is GRANTED and the second count of the Plaintiff's complaint against SBS under Section 502(a)(3) is hereby DISMISSED WITH PREJUDICE.  The award of fees and costs under 29 U.S.C. § 1132(g)(1) is discretionary and the Court finds that such an award in unwarranted in this case.

New Orleans, Louisiana, this 15th day of September, 2006.

_____
UNITED STATES DISTRICT JUDGE